Judge Graham
delivered, the opinion of the Court.
The father of Mrs. Esham, having by a written instrument, vested in her and her four children, the title to a young negro girl, aged about ten years, the complainants, Esham and wife, in the year 1844, removed with their family to Kentucky. On the 2@th of December, 1844, Lamar advanced to them twenty five dollars, and in consideration of which sum, they executed to Lamar an absolute bill of sale for the negro girl. At the same time, by another instrument of writing, they covenanted, in consideration “ that Lamar agrees to keep and clothe said girl for the term of eight years, to labor for him as a house servant, they undertook to guarantee to Lamar the possession of the girl for said eight years, being the interest of their children, which, by said instrument, they put out and bound to said Lamar.”
At the same time, Lamar executed and delivered to Esham and wife an instrument of writing, setting forth that on that day he had bought of Esham and T¡vife, for the sum of twenty-five dollars, all their interest in said girl; and then said writing says: “ Now it is understood between the said Esham and wife and the said Lamar, that if the said Esham shall, within the eighth year from this date, pay to the said Lamar the said sum of twenty-five dollars, with interest from this time, then the said Lamar will surrender up the said negro girl, if alive, to the said Esham and wife; but if they do not so redeem said negro in the said eighth year, from this dato, then they are to forfeit all right to do so, and the said interest of Esham and wife is to belong absolutely to the said Lamar, but if they do redeem said *44 negro, then the bill of sale, dated this day, is to be void.”
Lamar had the girl in his possession at that time, and she has so continued up to the present time.
On the 4th of June, 1847, Esham and wife, brought this suit in Chancery, alleging that they were, at the date of the transaction, in almost utter destitution, strangers, without friends or credit, and in “extra” want of the common necessaries of life; that Lamar being apprised of their condition proposed to lend them the twenty-five dollars and take the girl as a pledge for-the re-payment of the money with interest; that they are very ignorant, and when they entered into the contract and executed the writings, understood that they had the privilege of redeeming said slave at any time within the eight years, by re-paying the money with interest; that the girl is worth between three hundred and four hundred dollars, and worth, on hire,'twenty-five dollars per annum. They ask relief. Lamar does not controvert the destitute and necessitous condition of complainants, but denies that he took advantage of that condition. He insists that the contract was fair; that it was made reluctantly by him, and' at the urgent solicitations of the complainants. He and complainants had been raised in the same neighborhood in Maryland. He insists on his right to retain the girl for eight years, -and would not have advanced his money for any shorter period. The proof does not show that the complainants misunderstood the import of the writings. The negro is shown to have been for a while, say for a year or two, only worth her clothing and feeding, by way of hire, but afterwards worth $20 or $25 per year.
The defendant’s counsel insists that the transaction cannot be regarded as a mortgage; that it is in fact a conditional sale, and that the defendant cannot be required to receive his money, and yield up the possession of the slave, until the eighth year after the purchase. We are referred to Sloan's administrator vs Willis, (4 B. Mon. 497,) as conclusively deciding this *45 controversy for the defendant. In that case, the contract was made in 1812, a full and adequate price given for the negro, a privilege to re-purchase in two years; no attempt to re-purchase or re-pay, or claim the right to do so, was set up for eight years. In 1830 the suit was abated by complainant’s death, and not renewed until 1841. In view of these facts, the Court, as we yet believe very properly, refused to relieve the complainants.
The chancellor will not enforce a hard and unconseien lious bargain extorted from one who is feeble minded and in distress, butrescindatthe instauee of the injured party.
This case is presented under a very different aspect. The slave is proved to be worth at least $350. Her hire for a single year, would be nearly worth the sum advanced. Here is no delay. The only complaint, as to time, is, that the complainants have come too soon. The face of the instruments make the transaction an absolute sale, with permission to redeem. But whether it is a conditional sale, or a mortgage, is immaterial.
The facts stated in the opinion and proved by the record, manifest, conclusively, that the contract, on the part of Lamar, was hard, unconscientious, and extorsive, and such as the peculiarly unfortunate circumstances of his old Maryland neighbors, should have forbidden him to make. It is a contract which ought not to be enforced, but on the contrary, is of that character which the Chancellor, delighting to do equity and resist oppression, ought to rescind. The defendant has had ample use of the negro girl to fully re-pay him his twenty-five dollars and interest, and compensate him for taxes, clothing, diet, trouble, &c., and should pay the complainants a reasonable hire for a portion of the time. We think that by rescinding the contract, decreeing the $25, with interest, to have been already fully paid by the use and services of the negro girl, and that the defendant be required, forthwith, to surrender said girl and pay to the complainants, at the rate -, of $25 per year, from the 1st January, 1849, until possession of the girl is restored to complainants, ample justice will be done to him.
As the decree of the Circuit Court dismissing the complainant’s bill is not in accordance with this opin *46 ion, it is reversed, and cause remanded to said Court with directions to render a decree as herein suggested.
F. S. Horcliox plaintiff; Lindsey for defendant.