## Phillips v. Phillips' Executors et al.

(Decided Feb. 24, 1933.)

STRATTON & STEPHENSON for appellant.

J. H. ADKINS, E., J. PICKLESIMER and J. E. CHILDERS for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Mrs. Martha Adkins, a widow something over sixty years of age, in May, 1929, owned the property known as the Adkins Hotel in Pikeville, which she operated, also a house on Shelby street. She owed debts amounting to over $2,500. She and A. S. Phillips were engaged to be married. The wedding was set for May 27, 1929, at 7 p. m., and invitations had been issued. On May 27, 1929, about 4 p. m., she signed and delivered to A. S. Phillips a deed in consideration of $2,500, which he agreed to pay to or for her. By this deed she conveyed to him absolutely the Shelby street property and also conveyed to him the Adkins Hotel property, but reserved a life estate in it for herself, and retained a lien on the land to secure the payment of the $2,500. Phillips had the deed recorded that afternoon, and the wedding had to be delayed thirty minutes for his return. After their marriage, he paid off the debts, and she asserted the claim that the deed was only a mortgage. Some dispute followed this, and he left her. On October 21, 1930, she filed an action for divorce from him, and on October 27, 1930, filed this action against him, alleging that the deed was executed by her as a mortgage, and praying that it be adjudged to be only a mortgage. She died in December, 1930, before the divorce suit was ready for trial, and that action was, after her death, dismissed. This action was revived in

the name of her executor and heirs at law. The defendant filed answer. Proof was taken, and on final hearing the circuit court adjudged the plaintiff the relief sought. The defendant appeals.

It was charged in the petition that the deed was obtained by fraud when she was of defective mind and by reason of the confidential relations between her and her intended husband, and that she executed the paper, understanding it to be only a mortgage. The proof as to the condition of her mind is conflicting. Her former husband had died in 1913, and she continued to run the hotel without any trouble until her health became bad. She was suffering from diabetes and jaundice, and in September, 1925, was adjudged of unsound mind. A committee was then appointed for her, but she got better, and in April, 1926, she was adjudged of sound mind, and again took possession of her property. She continued to have diabetes and suffered from other physical troubles. Some persons had doubt as to her mind being entirely normal, while others thought her mind good. There is some proof for her of facts showing that she understood the paper to be a mortgage when she signed it. On the other hand, there is proof for the defendant to the effect that the paper was explained to her by the clerk; that she signed it understanding it, and afterwards made statements showing that she did understand it. But it is not clear from the evidence whether these statements were made before or after she learned the true import of the paper. The fact is clear that she did learn the true import of the paper not long after she was married and demanded its correction. While there is some conflict of evidence as to the value of the property, the weight of the evidence clearly shows that the two properties were worth from twelve to fifteen thousand dollars. A few days before the deed was made, T. H. Atkins, a responsible man, offered her $3,500 for the Shelby street property; she declined the offer, and asked $4,000 for the property. She had, about this time, made several efforts to mortgage the property for $2,500, and had also made an effort to borrow the money from a bank, but these efforts failed. Her only reason for the deed to A. S. Phillips was to raise the $2,500 that she owed, and there is some proof that, after she married, he, in paying off the debts, said that he was lending this money to his wife.

The rule of this court is not to disturb the judgment of the chancellor on the facts where on all the proof the mind is left in doubt as to the truth; but we do not rest our judgment alone here. This deed was made while the parties were engaged to be married, and just before they were married, and was plainly procured by the power which the defendant had acquired over her. There was no reason why she should sell him all the property she had for $2,500, reserving a life estate only in the hotel, when she had been offered $3,500 for the Shelby street property alone. The hotel property was worth nine or ten thousand dollars.

It is well settled in this court that contracts between those occupying a confidential relation to each other will be closely scrutinized, and that the contract will be set aside, unless it is devoid of inequitable incidents or if it rests upon an inadequate consideration. Esham v. Lamar, 10 B. Mon. 43; Smith v. Snowden, 96 Ky. 32, 27 S. W. 855, 16 Ky. Law Rep. 353; McDowell v. Edwards, 156 Ky. 475, 161 S. W. 534; Miller v. Taylor, 165 Ky. 463, 177 S. W. 247; Kelly v. Fields, 167 Ky. 796, 181 S. W. 657; Watson v. Watson, 190 Ky. 270, 227 S. W. 270.

The consideration for this contract is so clearly inadequate as to bring it clearly within the rule, considering the relationship existing between the parties at the time it was made.

Judgment affirmed.